862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Philip C. BROWN, Plaintiff-Appellant,
v.
STATE OF MARYLAND; United States of America, Defendants-Appellees,
and
Richard F. MOSCHELL, Defendant,
v.
Charles W. MARMON; Eileen T. Marmon, Third Party Defendants.
 No. 87-3660.
 United States Court of Appeals, Fourth Circuit.
 Argued July 26, 1988.
Decided Nov. 10, 1988.
 
 D.Md., 669 F.Supp. 1149.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Chief Judge. (CA-87-1-H)
 Jack I. Leibovitch for appellant.
 Kenneth W. Rosenberg (William S. Rose, Jr., Assistant Attorney General; Gary R. Allen, William S. Estabrook, Tax Division, Department of Justice, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Brown appeals the decision of the district court in favor of the United States which held that the tax liens of the United States had priority over Brown's claim against certain property by virtue of a judgment. We affirm.[1]
 
 
 2
 The facts leading to the controversy are undisputed. The United States assessed federal income taxes for the taxable year 1981, on December 5, 1983, against Charles and Eileen Marmon in the amount of $2,048.51. The notice of the tax lien was filed on November 9, 1984. On June 25, 1984, the United States further assessed federal income taxes for the taxable year of 1983 against the Marmons in the amount of $907,340.52. The notice of this lien was filed on March 20, 1985.
 
 
 3
 In 1984, Brown filed a suit in equity against the Marmons in the Circuit Court for Anne Arundel County. In lieu of bond, the Marmons were required to post security for any judgment Brown might obtain. To furnish security, the Marmons executed a deed on April 27, 1984, transferring the property in trust subject to further order of the circuit court. The trustees appointed were counsel for the Marmons and for Brown in the state court proceeding. Having satisfied the bond requirement, the case was transferred from the equity docket to the law docket on June 11, 1984. On June 13, 1986, the circuit court rendered a judgment for Brown in the amount of $76,000.00. The court authorized Brown's attorney to sell the property in satisfaction of the judgment. Thereafter, on August 8, 1986, the deed of April 27, 1984 from the Marmons to the trustees was recorded in the county land records.[2]
 
 
 4
 Brown filed this action in the state court to quiet title to the property, and the case was removed to the district court by the United States. The district court granted the motion of the United States for summary judgment. Brown's and Maryland's motions for summary judgment were denied. Brown appeals.
 
 
 5
 As to the merits of the case, and although the judgment of the district court is justified by its careful treatment and interpretation of Maryland property law and recording statutes, as well as the federal revenue statutes with relation to recording and tax liens, we think the case of United States v. Security Trust and Savings Bank, 340 U.S. 47 (1950), is indistinguishable on its facts from the case at hand and is dispositive here.
 
 
 6
 In Security Trust, a plaintiff sued a defendant on an unsecured note and attached certain of the defendant's real estate on October 17, 1946. The plaintiff obtained judgment on April 24, 1947 and recorded the judgment on May 2, 1947. In the meantime, on December 3, 5 and 10, 1946, the United States had filed notices of federal tax liens in the office of the Recorder, where the plaintiff's judgment also was recorded. The Court held that, although state law provided that the lien of the attachment would relate back to the date of attachment, October 17, 1946, because the state lien was inchoate until judgment was obtained, the tax liens of the United States were prior in time as they were recorded prior to the plaintiff's judgment lien. The same situation pertains here. Whatever the effect of the deed of trust from the Marmons to secure any judgment which Brown might have obtained, Brown's claim against the Marmons was inchoate until he reduced it to judgment on June 13, 1986. The federal tax liens involved here had been recorded on November 9, 1984 and March 20, 1985. Thus, the federal tax liens in this case intervened just as did the federal tax liens in Security Trust.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 AFFIRMED[3].
 
 
 
 [1]
 The State of Maryland also assessed and recorded liens for unpaid state income taxes against the same taxpayers subsequent to those of the United States. The liens of the United States were held to be superior, and Maryland has not appealed that judgment
 
 
 [2]
 The State of Maryland had conducted a sheriff's sale of the property in order to execute its lien. The parties agreed in the district court that that sale has no legal effect
 
 
 [3]
 The government, in its brief, suggests that this appeal is premature
 The government's motion for summary judgment was granted on October 20, 1987, and the final order was entered on that date.
 While the parties have not favored us with the papers involved, we gather from the docket sheet that on November 12, 1987 the government filed a paper which it called a counterclaim, together with a motion permitting the filing of that paper, and the joining of the Marmons as defendants to the counterclaim. On that date, the district court entered an order permitting the filing of the counterclaim and joining the Marmons as defendants. While the paper may have been called a counterclaim by the government, we think it was nothing more nor less than a motion to add parties defendant and should be treated as such under FRCP 21. While the rule permits a change in parties at any stage of the action, a request such as this one, which comes so late in the litigation that it will delay the case, will typically be denied. See Wright, Miller and Kane, Fed.Prac. & Proced. (1986) Sec. 1688. Thus, we believe the motion to add the Marmons at this late stage of the proceeding, and after judgment had been granted completely disposing of the entire case, was an abuse of discretion. No reason has been given why the government may not proceed separately against the Marmons.